DECISION
On July 28, 2000, plaintiff, Selina R. Miller, filed a one-page complaint against seven named defendants titled "Slander Invasion of Privacy." On October 25, 2000, the trial court concluded that plaintiff's complaint did not allege or set forth facts sufficient to give the named defendants any indication of the claims levied by the plaintiff. For that reason, the court ordered the plaintiff to file an amended complaint within seven days. Plaintiff timely filed her amended complaint on October 30, 2000; however, several of the defendants were subsequently dismissed by way of summary judgment, directed verdicts, and/or judgment on the pleadings. Plaintiff's complaint ultimately came to trial against the remaining defendants on July 28, 2000. Those defendants were granted directed verdicts after the presentation of the plaintiff's case in chief. Plaintiff now appeals, although it is unclear from which order, raising the following assignment of error:
 The court erred in granting defendant-appellee's motion to dismiss in light of plaintiff-appellant Selina Miller pointing out that genuine issues as to material fact does exist whenever pleadings, affidavits, deposition and interrogatories are in conflict.
The burden of affirmatively demonstrating error on appeal rests with the plaintiff. App.R. 16(A)(7); App.R. 9; and State ex rel. Fulton v. Halliday (1944), 142 Ohio St. 548. Pursuant to App.R. 16(A)(7), plaintiff must present her contentions with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which she relies. It is not the duty of this court to search the record for evidence to support an appellant's argument as to alleged error. Slyder v. Slyder (1993), Summit App. No. 16224. Stated alternatively, absent specific references to the record, unsubstantiated assertions cannot be considered on appeal. Sykes Constr. Co. v. Martell (1992), Summit App. No. 15034. Finally, we also note that it is not appropriate for this court to construct the legal arguments in support of plaintiff's appeal. "If an argument exists that can support this assignment of error, it is not this court's duty to root it out." Cardone v. Cardone (1998), Summit App. No. 18349.
Despite our diligent effort to decipher a cognizable argument from plaintiff's brief, we have been unable to do so. In her brief, plaintiff engages in a rambling and disjointed factual discourse without any legal argument. Plaintiff has failed to comply with App.R. 16(A) by failing to identify what order she appeals, by failing to identify in the record the error on which her assignment of error is based, and by failing to argue the assignment, or issues raised, in her appellate brief as required by App.R. 16.
Consequently, pursuant to Civ.R. 12 and 16, plaintiff's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BROWN and LAZARUS, JJ., concur.